1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE

10

11    MUAZZEZ MIRA, an individual,              CASE NO. 2:24-cv-01353-TL

12                        Plaintiff,
                                                ORDER ON JOINT MOTION TO
             v.                                 CONSOLIDATE CASES
13
      MICROSOFT CORPORATION, a
14    Washington Corporation, and ACTALENT,
      INC. (aka/previously EASI LLC), a
15    Maryland corporation,

16                        Defendants.

17

18         This matter is before the Court on Defendants Actalent, Inc.,[1] and Microsoft

19    Corporation's Joint Motion to Consolidate Cases. Dkt. No. 16. Defendants seek to consolidate

20    this matter with *Mirasedoglu v. Microsoft Corp.*, No. C24-1512 (W.D. Wash.). *Id.* at 1. Plaintiff

21    Muazzez Mira did not respond to the motion. Having reviewed the relevant record, the Court

22    GRANTS the motion.

23    _____

24    [1] Defendant Actalent states that they are incorrectly named in the Complaint and are instead named "Actalent
      Services, LLC." Dkt. No. 16 at 1.

1        Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve

2   a common question of law or fact, the court may . . . consolidate the actions." Courts have broad

3   discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*,

4   828 F.3d 848, 855–56 (9th Cir. 2016). In deciding whether to exercise this discretion, courts

5   generally look to such factors as "judicial economy, whether consolidation would expedite

6   resolution of the case, whether separate cases may yield inconsistent results, and the potential

7   prejudice to [any opposing party]." *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022

8   WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022) (citing 9 Charles Alan Wright & Arthur R.

9   Miller, Fed. Prac. & Proc. § 2383 (3d ed., Apr. 2022 update)).

10       The Court finds that consolidation is appropriate here. Although Plaintiff is named

11  differently in the two actions, Defendants point out that "there is no dispute that it is the same

12  individual" (Dkt. No. 16 at 2), and Plaintiff does not object to that assertion. Further, Plaintiff

13  makes some of the same allegations in both actions: in sum and substance, Plaintiff alleges that

14  she was initially denied the ability to take family leave and was ultimately retaliated against,

15  even after the leave was approved. *Compare* Dkt. No. 1-2 ¶¶ 5–12, *with Mirasedoglu*, No. C24-

16  1512, Dkt. No. 1-2 at 6 (W.D. Wash. Sept. 20, 2024). Plaintiff makes additional allegations in

17  *Mirasedoglu* related to her employment status and various employment policies (*see* No. C24-

18  1512, Dkt. No. 1-2 at 4–6), but critically, all allegations stem from her employment relationship

19  with Defendant Actalent, her placement with Defendant Microsoft, and her interactions with

20  various individuals—including *Mirasedoglu* defendant Jeff Wilder and Defendant Actalent's

21  manager Bruce Gale, both of whom are discussed in both complaints.

22       In addition, both actions raise related legal claims that involve the same witnesses. In this

23  matter, Plaintiff brings a claim for alleged violation of the Family and Medical Leave Act

24  ("FMLA") as well as violation of the Washington State Family Leave Act and wrongful

termination in violation of public policy. Dkt. No. 1-2 ¶¶ 18–33. In *Mirasedoglu*, Plaintiff brings a FMLA claim (for leave denial and termination) as well as several other claims for violations of various labor and employment statutes, both state and federal. No. C24-1512, Dkt. No. 1-2 at 6–8. In both actions, these claims stem from Plaintiff's interactions with largely the same set of individuals and entities. *Compare* Dkt. No. 1-2 ¶¶ 5–12, *with Mirasedoglu*, No. C24-1512, Dkt. No. 1-2 at 4–6. Thus, similar questions of law and fact will arise in both actions.

"Ultimately, given the substantial overlap between these matters, consolidation will promote judicial economy and expedite resolution of the cases by simplifying discovery, pretrial motions, and other case management issues, and it will reduce the risk of inconsistent results." *Franzetti v. Pac. Mkt. Int'l LLC*, No. C24-191, 2024 WL 1832470, at *3 (W.D. Wash. Apr. 26, 2024) (citing *Pecznick v. Amazon.com, Inc.*, No. C22-743 et al., 2022 WL 4483123, at *3–4 (W.D. Wash. Sept. 27, 2022)).

Accordingly, it is hereby ORDERED:

(1)   Defendants' Joint Motion to Consolidate Cases (Dkt. No. 16) is GRANTED.

(2)   This matter and *Mirasedoglu* are hereby CONSOLIDATED in this Court for all purposes, including trial. All future documents filed in these consolidated actions SHALL be filed only in this matter.

(3)   Plaintiff SHALL, **within thirty (30) days** of this Order, file an Amended Consolidated Complaint that includes all allegations and claims from both cases that she wishes to bring.

(4)   **Within fourteen (14) days** of Plaintiff filing the Amended Consolidated Complaint, the Parties SHALL meet and confer and file a joint statement indicating their position(s) on when the Court should issue an initial case scheduling order.

(5)   The Clerk is DIRECTED to file a copy of this Order in the *Mirasedoglu* action.

(6)     The Clerk is DIRECTED to administratively close the *Mirasedoglu* action.

Dated this 12th day of February 2025.

Tana Lin
United States District Judge